IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 110

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs.  ) | ORDER |
| ) | |
| DINA R. GARFINKEL. ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#17) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, Mary Ellen Coleman, and the Government was present through AUSA Richard Edwards. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, denied the allegations contained in the Violation Report. The Government introduced without objection the Violation Report into evidence. Testimony was then presented by United States Probation Officer Tamara S. Styles.

The Defendant was charged in a bill of indictment (#1) filed on December 14,

2015 with 33 counts of devising a fraudulent scheme or artifice to defraud or obtaining money or property by means of false or fraudulent pretenses, representations or promises in violation of 18 U.S.C. § 1341. A hearing was held in regard to the detention of Defendant on January 6, 2016. On that date, at the request of the Government, the undersigned entered an order releasing the Defendant on a $500,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) Defendant shall not violate any federal, state or local law while on release.

(8)(y) Defendant is not to operate any type of business and no contact with anyone involved in the buying or selling of diamonds or jewelry.

From testimony presented by Officer Styles, it appeared that immediately prior to the detention hearing of January 6, 2016 the Defendant was involved in a scheme to fraudulently obtain diamonds from a Rhode Island based jewelry company. On January 8, 2016, two days after the detention hearing, the Defendant received a shipment of diamonds from the jewelry company. Thereafter, as part of a fraudulent scheme, the Defendant forwarded a partial payment to the jewelry company but has failed to pay for approximately $40,000 that is still due and owing to the company. This fraudulent scheme is similar to that which is described in the

bill of indictment. In a Motion for Show Cause Hearing (#15) filed by the Government, the Government alleged that Defendant's partial payment was by way of a cashiers check in the amount of $9,000 and Postal Service money orders totaling $3,700, all which were issued on January 15, 2016. By February 22, 2016, the victim reached a recording that Defendant's telephone line had been terminated.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

    (1)    finds that there is----
           (A) probable cause to believe that the person has committed a
    Federal, State, or local crime while on release; or
           (B) clear and convincing evidence that the person has violated any
    other condition of release; and
    (2)    finds that ---
           (A) based on the factors set forth in section 3142(g) of this title, there
    is no condition or combination of conditions of release that will assure that
    the person will not flee or pose a danger to the safety of any other person or
    the community; or
           (B) the person is unlikely to abide by any condition or combination
    of conditions of release.

    If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant committed a federal or state felony while on release. It

appears the allegations showed that Defendant again committed a violation of 18 U.S.C. § 1341 when she obtained jewelry for which she failed to pay immediately after the Defendant was released on terms and conditions of pretrial release. Due to the fact there is probable cause to believe that Defendant committed a felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the condition of release that ordered Defendant not to operate any type business and have no contact with anyone involved in the buying or selling of diamonds or jewelry. Immediately after the Defendant had been released on terms and conditions of pretrial release, the Defendant did have contact with a jewelry merchant in Rhode Island and continued to have contact with him in an effort to fraudulently obtain from the merchant, diamonds or diamond jewelry. The evidence shows by clear and convincing evidence that the Defendant has violated term and condition of release (8)(y).

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that

will assure that Defendant will not pose a danger to the safety of any other person or the community in that it has been shown by clear and convincing evidence that Defendant's continued release would result in financial and economic harm in the community.  It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release.  The Defendant's criminal record shows the following convictions:

| Date | County | Offense | Conviction |
|---|---|---|---|
| 12/23/05 | NY | Mail fraud and wire fraud | 9/13/06 |
| 12/6/08 | NY | Felony grand larceny, felony taking property exceeding value of $3,000 | 12/1/09 |
| 3/18/09 | NY | Felony grand larceny, second degree, 3 counts | 12/17/09 & 12/23/09 |

As a result of the above referenced findings and the criminal record of Defendant, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release previously entered in this matter are hereby **REVOKED** and it is ordered that Defendant be detained pending further

proceedings in this matter.

Signed: March 8, 2016

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge